United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60683
Summary Calendar

JOSE ROBERTO BENITEZ

                    Petitioner

    v.

ALBERTO R. GONZALEZ, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 199 265
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

    Jose Roberto Benitez petitions this court for review of a
decision by the Board of Immigration Appeals ("BIA") dismissing
his appeal of an order of the Immigration Judge ("IJ") concluding
that Benitez had not complied with a deadline set by the IJ for
filing a new application for relief.

    In 1998, an IJ had terminated a deportation proceeding
against Benitez on the ground that his 1992 aggravated-assault
deferred adjudication was not a "conviction" for purposes of 8

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1227(a)(2)(A)(i).  At that time, an asylum application by Benitez had been pending before the IJ.  In 2002, the BIA vacated and remanded the IJ's decision and "reinstated" removal proceedings against Benitez, advising Benitez that he could pursue any relief from deportation for which he may be eligible. Benitez then failed to file for such relief by the September 30, 2002, deadline set by the IJ.

Benitez does not explicitly challenge the BIA or IJ rulings that he failed to comply with the deadline set by the IJ.  This is the same as if he had not appealed that aspect of the rulings at all.  See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003) (citing Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)); see 8 C.F.R. § 3.31(c) (2002) (permitting IJ to set deadlines for filing of applications for relief and other documents).

For the first time in his brief in support of his petition for review, Benitez contends that the BIA and IJ erred by refusing to consider the asylum application that was "in the file" from 1998.  We lack jurisdiction to review issues not raised before the BIA.  Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Benitez also contends that the decision by a single member of the BIA violated agency regulations, in that the BIA member should have either referred Benitez's case to a three-member BIA panel or remanded the case to the IJ for additional fact-finding.

Benitez's appeal, however, satisfied none of the criteria for either a referral to a three-member panel or for a remand. <u>See</u> 8 C.F.R. § 1003.1(e)(6); <u>In re S-H-</u>, 23 I & N Dec. 462 (BIA Sept. 12, 2002), 2002 WL 31173153.

Benitez's petition for review is DENIED.