# In re S-H-, et al., Respondents

*Decided September 12, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under new regulations that become effective on September 25, 2002, the Board of Immigration Appeals has limited fact-finding ability on appeal, which heightens the need for Immigration Judges to include in their decisions clear and complete findings of fact that are supported by the record and are in compliance with controlling law. *Matter of Vilanova-Gonzalez*, 13 I&N Dec. 399 (BIA 1969), and *Matter of Becerra-Miranda*, 12 I&N Dec. 358 (BIA 1967), superseded.

FOR RESPONDENT: Stanley A. Cohen, Esquire, New York, New York

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Wen-Ting Cheng, Assistant District Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and MILLER, Board Members.

HOLMES, Board Member:

In this case, an Immigration Judge found the adult respondents deportable and granted their applications for asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a) (Supp. V 1999).[1] The Immigration and Naturalization Service has appealed from the Immigration Judge's decision. The appeal will be sustained, and the record will be remanded for further proceedings. This decision will also briefly discuss changes to the Board's authority to review an Immigration Judge's findings of fact pursuant to new regulations that will become effective on September 25, 2002. *See* Board of Immigration Appeals: Procedural Reforms To Improve Case Management, 67 Fed. Reg. 54,878, 54,902 (2002) (to be codified at 8 C.F.R. § 3.1(d)(3)).

## I. APPEAL

The respondents are natives and citizens of Iraq who conceded their deportability before an Immigration Judge. The Immigration Judge granted the adult respondents' applications for asylum. The Immigration Judge's

---

[1] The third respondent is a minor child who was placed in proceedings with his parents. The Immigration Judge's decision and order refers only to the adult respondents. This matter should be addressed on remand.

decision consists of a very brief summary of some of the testimony presented at the hearing, a reference to his concern regarding two clauses in a Department of State country report on Iraq, and his conclusion that the respondents "on balance . . . have demonstrated a well-founded fear and a clear probability of persecution should they return to Iraq." The Immigration Judge did not make any specific findings of fact, did not include any explicit credibility determinations, and did not meaningfully discuss the documents that had been offered into evidence. It is possible that the Immigration Judge was under the mistaken impression that the Service did not object to a grant of relief to the respondents. However, the Service had made clear at the conclusion of the final hearing that it did affirmatively contest the respondents' eligibility for asylum.

On appeal, the Service objects to the Immigration Judge's grant of asylum and raises various issues regarding the respondents' eligibility for this form of relief. The Service also asserts that the Immigration Judge's decision does not adequately set forth the reasons underlying his grant of relief. The Service requests that the Board conduct an independent review of the record, find that the respondents did not meet their burden of proof for asylum, and reverse the decision of the Immigration Judge.

We agree with the Service that the Immigration Judge's decision before us is inadequate. The decision does little more than briefly summarize some of the testimony and then, without further findings or analysis, state that the respondents are eligible for, and deserving of, relief. As pointed out by the Service, one option presently available to us in this situation is to conduct an independent evaluation of the evidence of record, make appropriate findings of fact, and adjudicate the asylum claim on appeal on that basis. *See, e.g.*, *Matter of Vilanova-Gonzalez*, 13 I&N Dec. 399, 402 (BIA 1969) (stating that the Board has authority to engage in de novo review of the record and, based on such a review, make its own independent findings on questions of fact and law, irrespective of those made below).

However, because of the specific nature of the Immigration Judge's decision before us, including the almost complete lack of factual findings and legal analysis, the record will be remanded for further proceedings and the entry of a new decision. *See Matter of Rodriguez-Carrillo*, 22 I&N Dec. 1031 (BIA 1999) (discussing the importance of a full and separate decision by an Immigration Judge). Our decision to remand this case is tied to the deficiency of the decision and should not be read as indicating disagreement with the Immigration Judge's ultimate resolution of the respondents' applications for asylum. We have not addressed this latter issue on the present record.

## II.  THE NEW REGULATION

As noted above, the Board has had broad authority to engage in a de novo review of the record underlying an Immigration Judge's decision and make its own independent findings of fact, irrespective of those made by the Immigration Judge.  *See, e.g.*, *Matter of Vilanova-Gonzalez*, *supra*; *Matter of Becerra-Miranda*, 12 I&N Dec. 358, 368 (BIA 1967); *see also Matter of B-*, 7 I&N Dec. 1 (BIA 1955; A.G. 1956).

Under recently issued regulations, the Attorney General has specified a new scope of review to govern Board adjudications.  Effective September 25, 2002, the regulations provide as follows:

> (i) The Board will not engage in *de novo* review of findings of fact determined by an immigration judge.  Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.[2]

> (ii) The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*.

> (iii) The Board may review all questions arising in appeals from decisions issued by Service officers *de novo*.

> (iv) Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.  A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand.  If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

67 Fed. Reg. at 54,902 (to be codified at 8 C.F.R. § 3.1(d)(3)).  Therefore, effective September 25, 2002, *Matter of Vilanova-Gonzalez*, *supra*, *Matter of Becerra-Miranda*, *supra*, and any other Board precedents setting forth the Board's scope of review are superseded to the extent that they are inconsistent with the newly promulgated regulation.  *See Matter of Ponce de Leon*, 21 I&N Dec. 154, 158 (BIA 1996, 1997; A.G. 1997) ("A regulation promulgated by the Attorney General has the force and effect of law as to this Board and Immigration Judges.").

Under the new regulation, the Board must defer to the factual determinations of an Immigration Judge in the absence of clear error.  Further,

---

[2]  The final rule provides that 8 C.F.R. § 3.1(d)(3)(i) "shall not apply to appeals filed before September 25, 2002."  67 Fed. Reg. at 54,905  (to be codified at 8 C.F.R. § 3.3(f)).  The Department determined that "it would be more efficacious simply to continue the current scope of review standards for pending cases, and to apply the clearly erroneous standard only to the review of immigration judge decisions in those appeals filed on or after the effective date."  67 Fed. Reg. at 54,899 (Supplementary Information).  The remaining provisions of 8 C.F.R. § 3.1(d)(3) will apply to all cases pending as of September 25, 2002.

if there are deficiencies in an Immigration Judge's decision in this regard, including absent or unclear findings of fact, the Board is more restricted in its authority to engage in fact-finding on appeal, which might be necessary to bring a case to resolution. This regulatory change adds significant force to the Immigration Judge's decision and, concomitantly, makes it increasingly important for the Immigration Judge to make clear and complete findings of fact that are supported by the record and in compliance with controlling law.

Most Immigration Judges presently issue comprehensive and thorough decisions, which are adequate under the present regulations and which should suffice under the newly promulgated rules. Moreover, Immigration Judges have increasingly used specific section headings in their decisions, including designated sections for the "discussion of the evidence" and "findings of fact." While Immigration Judges have latitude in the manner and format of their decisions, this structured approach to decision-making assists the parties in understanding the decision; aids the Board and the courts if the decision is subject to appellate review; and, importantly, helps to assure that an Immigration Judge does not overlook essential findings in the press of rendering oral decisions.

Under the new regulation, it is even more important for the Immigration Judges to make comprehensive findings of fact, including explicit findings as to the credibility of witnesses, rather than just those findings pertinent to one issue that the Immigration Judge may deem dispositive of the case (e.g., in a case involving an application for cancellation of removal under section 240A(b) of the Act, 8 U.S.C. § 1229b(b) (2000), to address only the facts pertinent to whether the respondent had been a person of good moral character, without finding facts regarding the respondent's continuous physical presence or the hardship that could result from removal). If incomplete findings of fact are entered and the Immigration Judge's decision ultimately cannot be affirmed on the basis that he or she decided the case, a remand of the case for further fact-finding may be unavoidable. We recognize that there will continue to be cases in which a dispositive issue is sufficiently clear that resolving the case on that basis alone will be a sound exercise of judicial economy by an Immigration Judge. *See generally INS v. Bagamasbad*, 429 U.S. 24 (1976). However, it must be recognized that, even in such cases, an unforeseen change or interpretation of law, for example, may render the decision inadequate for a dispositive resolution of the case on appeal.

To reiterate, upon the effective date of the new regulation, the Board will have limited fact-finding authority, particularly as to appeals from Immigration Judge decisions that are filed on or after September 25, 2002. This regulatory change adds meaningful force to an Immigration Judge's decision and heightens the need for Immigration Judges to include clear and complete findings of fact in their decisions. Such findings are important to

the parties' understanding of the decision, to the appellate process, and to the avoidance of unnecessary remands for further fact-finding by the Immigration Judge.

## III.  CONCLUSION

Based on the specific and unusual deficiencies in the Immigration Judge's decision in the instant case, we will remand the record for further proceedings and the entry of a new decision, rather than conduct a de novo review of the record, as requested by the Service.  Under the new regulatory provisions, the Board will not engage in de novo review of findings of fact determined by an Immigration Judge in any case in which the appeal is filed on or after September 25, 2002.  Thus, we emphasize at the outset, before the newly implemented regulations take effect, that it is more important than ever for Immigration Judges to include in their decisions clear and complete findings of fact that are supported by the record and are in compliance with controlling law.

**ORDER:**  The appeal of the Immigration and Naturalization Service is sustained, and the record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.