**Nawal Amritlal SURI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71379.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed May 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Saad Ahmad, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Quentin C. Pair, U.S. Department of Justice, Env. & Natrl. Resources Div./Enf. Sec., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Nawal Amritlal Suri, a native and citizen of India, petitions for review of the opinion of the Board of Immigration Appeals (BIA), affirming the decision of an Immigration Judge (IJ) finding him not credible and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. The BIA adopted the IJ's credibility determination and added reasons of its own. We review both the IJ's and the BIA's decisions. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n. 3 (9th Cir.2004).

■ We will uphold an IJ's credibility determination if it includes specific, cogent reasons and is supported by substantial evidence, reversing only if the evidence compels a contrary result. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007). The IJ concluded that Suri was not credible because his declaration in his 2000 application for asylum did not mention the fact that the Indian police were still looking for him, while at the hearing in 2004 Suri testified that the police had visited his family and asked about Suri within the last several months. The IJ faulted Suri for answering yes when asked, at the beginning of his hearing, whether his application said everything that he wanted the court to know about his claim.

This is not supported by substantial evidence. Suri's application includes an affidavit from his wife in India stating "police comes to my house and harasses me and my children and asks about my husband's whereabouts." Suri's application does include the fact that the police in India were still looking for him. It did not include, because it could not include, the recent visits about which Suri had only lately learned. Given that the application does state that the police were visiting his wife and looking for him in India, it was truthful for Suri to state that the application included all the bases for his claim for relief. His testimony about recent police visits does not cast doubt on his credibility. *See Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996) (additional details at hearing not in application do not make applicant not credible).

The BIA added two independent reasons for doubting Suri's credibility, neither of which was mentioned by the IJ nor urged by the government on this petition for review. We note that current regulations in force at the time of the BIA's decision narrow the scope of the BIA's factfinding powers, prohibiting the BIA from engaging in de novo review of findings of fact determined by an IJ and requiring review for clear error, "including findings as to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the credibility of testimony." 8 C.F.R. § 1003.1(d)(3)(i); *see Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 661 (9th Cir. 2003); *In re S–H,* 23 I & N Dec. 462 (BIA 2002) (BIA is more restricted in fact-finding under new regulations).

▪ We need not determine, however, whether the BIA exceeded its factfinding authority in advancing these independent reasons, as they are not supported by the record. Suri explained the various addresses that appeared on supporting documents in a way consistent with his employment, his various residences, and his fear of persecution. Suri's receipt of a passport and his travel under his own name despite his arrests do not, without more, make his story implausible. To hold otherwise would cast doubt on the credibility of any asylum applicant who does not travel under an assumed name or with a false passport.

We grant the petition for review and remand to the BIA pursuant to *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION FOR REVIEW GRANTED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.