KUN JIE CHEN, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States, Respondent.

No. 06–2729–ag.

United States Court of Appeals, Second Circuit.

July 3, 2007.

78

Thomas V. Massucci, New York, NY, for Petitioner.

Quynh Bain, Office of Immigration Litigation (Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, and Peter D. Keisler, Assistant Attorney General, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Kun Jie Chen, a native and citizen of the People's Republic of China, petitions for review of the May 10, 2006 decision of the BIA, affirming Immigration Judge ("IJ") Brigitte Laforest's January 11, 2005 denial of his application for adjustment of status pursuant to 8 U.S.C. § 1255. *In re Kun Jie Chen,* A 70 888 425 (B.I.A. May 10, 2006), *aff'g* A 70 888 425 (Immig. Ct. N.Y. City Jan. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, and supplements it, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The IJ determined that Chen was statuto-

rily ineligible for adjustment of status because he had "by fraud or willfully misrepresenting a material fact ... sought to procure ... a visa, other documentation, or admission into the United States or other benefit." 8 U.S.C. § 1182(a)(6)(C)(i). While the granting of adjustment of status is ultimately "a decision committed to the discretion of the Attorney General," *Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir.2006) (citing 8 U.S.C. § 1255(a)), the predicate determination of an alien's eligibility for such relief is not a discretionary judgment, but a matter governed by specific statutory standards. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006) (per curiam) (" 'Eligibility that [is] governed by specific statutory standard provide[s] a right to a ruling on an applicant's eligibility even though the actual granting of relief [is] not a matter of right under any circumstances but rather is in all cases a matter of grace.' " (quoting *INS v. St. Cyr*, 533 U.S. 289, 307–08, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)) (alterations in original)). Accordingly, the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i) does not apply to a determination of statutory ineligibility. *See id.*; *see also Sepulveda v. Gonzales*, 407 F.3d 59, 62–64 (2d Cir.2005).[1]

We review an IJ's factual findings for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B), and "look to see if the IJ has provided 'specific, cogent' reasons for the ... finding and whether those reasons bear a 'legitimate nexus' to the finding," *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (citation omitted). The IJ

found that Chen's testimony in support of his adjustment of status application was inconsistent with his prior applications for asylum and adjustment of status under the Chinese Student Protection Act ("CSPA"), and that the Form I–95A Crewman's Landing Permit submitted in connection with the CSPA application had been significantly altered. The IJ concluded that the above, in conjunction with Chen's "inability to explain these discrepancies," made him an unreliable witness and also established that Chen made willful misrepresentations to immigration officials.

■ We conclude that the IJ's adverse credibility and willfulness findings lack substantial evidence. The record unambiguously shows that Chen did, in fact, offer explanations for the discrepancies. He testified that a "Foo Chow couple" at a travel agency prepared his asylum and CPSA applications, that the couple instructed him to sign blank forms and assured him that "the rest will be done," and that the couple never translated the completed applications in a language he could understand. Chen also testified that he had no role in altering the Crewman's Landing Permit, he did not ask anyone to alter it, and he had no idea that an altered document would be submitted to the INS.

The IJ was not required to credit these explanations; she was, however, "required to take those explanations into account as significant factual assertions supporting [Chen's] claim." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005). In the absence of any reasoned evaluation

1. The IJ did state at the end of her decision that even if Chen were statutorily eligible, she "would have" denied his application "for failure to merit a favorable exercise of discretion" because Chen had committed immigration fraud. To the extent that this statement constitutes an alternative finding, it does not deprive us of jurisdiction to review Chen's petition because it is based entirely on the predicate determination of ineligibility. *See Singh v. Gonzales*, 468 F.3d 135, 138 & n. 2 (2d Cir.2006).

of Chen's explanations, the IJ's adverse credibility and willfulness findings are based on flawed reasoning and cannot constitute substantial evidence supporting her conclusion. *See id.*

 The BIA affirmed the IJ's ineligibility determination, finding that Chen "did not credibly establish that he was not aware of the wilful misrepresentations and altered documents that he submitted with his CSPA application." Chen argues that the BIA's decision must be vacated because it engaged in improper fact-finding. We have jurisdiction to review this argument, as it does not implicate the BIA's exercise of discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006); *cf. Wallace v. Gonzales,* 463 F.3d 135, 140–41 (2d Cir.2006). For appeals filed after September 25, 2002, the BIA can no longer engage in *de novo* review of an IJ's findings of fact, or independently find new facts. 8 C.F.R. § 1003.1(d)(3)(i), (iv); *see Fen Yong Chen v. BCIS,* 470 F.3d 509, 513–14 (2d Cir. 2006). Here, the BIA exceeded its regulatory authority by making a factual finding that the IJ never made—that Chen's explanations regarding his knowledge about the misrepresentations and altered documents were not credible. *See In re S–H–,* 23 I. & N. Dec. 462, 465 (B.I.A. 2002) ("If incomplete findings of fact are entered and the Immigration Judge's decision ultimately cannot be affirmed on the basis that he or she decided the case, a remand of the case for further fact-finding may be unavoidable.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. Our review having been completed, the stay of removal that the Court previously granted in this petition is VACATED.