**XIANG QING JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.**

**No. 07–2851–ag.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

Dehai Zhang, Flushing, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Russell J. Verby, Senior Litigation Counsel; Elizabeth A. Greczek, Attorney, Office of Immi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as a respondent in this case.

gration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiang Qing Jiang, a native and citizen of the People's Republic of China, seeks review of a June 12, 2007 order of the. BIA affirming the October 21, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Qing Jiang*, No. A 98 768 056 (B.I.A. June 12, 2007), *aff'g* No. A 98 768 056 (Immig. Ct. N.Y. City, Oct. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those provided in the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 293, 296 (2d Cir.2006). Here, the BIA emphasized several aspects of Jiang's testimony upon which the IJ based her decision. However, instead of finding those portions of the testimony implausible, as the IJ did, the BIA found them to be inconsistent. In addition, the BIA pointed to several portions of Jiang's testimony which the IJ did not reference, and found those portions to be inconsistent. The BIA also agreed with the IJ that the documents submitted by Jiang did not support his claim. Thus, we review the IJ's decision as supplemented by the BIA. *See id.*

For all appeals filed after September 25, 2002, the BIA is not permitted to engage in de novo review of an IJ's factual findings. *See* 8 C.F.R. §§ 1003.1(d)(3)(i), (iv); *In re S–H–*, 23 I. & N. Dec. 462, 466 (B.I.A.2002) ("Under the new regulatory provisions, the Board will not engage in de novo review of findings of fact determined by an [i]mmigration [j]udge in any case in which the appeal is filed on or after September 25, 2002."). Rather "[f]acts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i); *see also id.* § 1003.1(d)(3)(iv). The BIA's independent assessment of portions of the record not relied on by the IJ is classic de novo review, which constitutes legal error and requires remand, *see Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.*, 470 F.3d 509, 515 (2d Cir.2006), unless remand would be futile, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005). *Compare Fen Yong Chen*, 470 F.3d at 515 (review of record which independently assessed petitioner's credibility without giving deference to the findings of the IJ was legal error which required remand); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir.2006) (finding that the BIA did not engage in improper fact-finding when it emphasized the IJ's finding of an omission which was already in the record) *with Belortaja v. Gonzales*, 484 F.3d 619, 625 (2d Cir.2007) (BIA's adverse credibility determination based on a factual determination made upon de novo review of the existing record was permissible under the pre–2002 regulations).

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin*, 428 F.3d at 406; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

We conclude that there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion, as the IJ's decision, even without the BIA's added findings, was supported by substantial evidence, and thus remand would be futile. *See Cao He Lin*, 428 F.3d at 401. First, it was reasonable for the IJ to find it implausible that family planning cadres came to Jiang's home to inquire about his wife in September or October 2003, given that Jiang had also testified that his wife had just attended a checkup in September 2003. Jiang was unable to explain why the cadres would nevertheless look for his wife the same month as or the month following her checkup. Moreover, the IJ was reasonable to rely on Jiang's contradictory testimony when Jiang admitted he did not remember when the cadres came to his house, even though he had previously testified he was certain they came in October 2003, to find Jiang was not credible. The IJ's finding that Jiang's testimony was implausible was not impermissibly speculative. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."). Likewise, the IJ reasonably found it implausible that Jiang was not aware that his brother's wife had been sterilized in China when his brother testified that he and his wife lived in the same house with Jiang. *See Id.* The record reflects that Jiang was asked repeatedly "what kind of family persecution" his brother suffered in China and whether anything had happened to his brother's wife, and Jiang simply stated that he did not know. The IJ did not err in finding it implausible that Jiang would not know of his sister-in-law's forced sterilization when she lived in the same house as Jiang. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007) (explaining that "we have been authoritatively instructed to uphold a finding [of implausibility] unless we are left with the definite and firm conviction that a mistake has been committed"). Because the IJ's implausibility findings were tethered to the record, they permissibly substantiated the agency's adverse credibility determination. *See Id.*

Similarly, the IJ reasonably found it implausible that Jiang's wife would hide from the cadres at her mother's home when Jiang testified that the home was easily found and that he traveled there each night after work. The IJ was not required to credit Jiang's explanations—that the cadres could not follow him there because he traveled there in the dark and that there was "a Chinese saying that the most dangerous place is considered the safest" to hide. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (explaining that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because this portion of Jiang's testimony was "inherently implausible," it reasonably supported the agency's adverse credibility finding. *See Wensheng Yan*, 509 F.3d at 66.

The BIA and IJ properly gave diminished weight to the abortion certificate sub-

mitted by Jiang. *See Xiao Ji Chen,* 471 F.3d at 341–42 (holding that the weight afforded to documentary evidence " 'lie[s] largely' within the discretion of the IJ" (alteration in original)). The IJ accurately noted that the background material—U.S. Department of State, China: Profile of Asylum Claims and Country Conditions (June 2004)—indicated that abortion certificates are only issued when a woman seeks leave from her place of employment, and that there was no indication in the record that Jiang's wife was employed in a position from which she could request leave. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (holding that State Department reports are probative as to the authenticity of abortion certificates). As the BIA and IJ pointed out, the household register submitted by Jiang listed his wife's occupation as "peasant." In the same vein, the IJ reasonably relied for her adverse credibility determination upon her finding that while the IUD booklet submitted by Jiang indicated that Jiang's wife had attended checkups through 2004, there was no indication that she had ever had the IUD removed or become pregnant.

Thus it can be confidently predicted that the agency would reach the same decision upon remand. *See Xiao Ji Chen,* 471 F.3d at 339–40. Accordingly, we decline to review the agency's additional credibility findings, and do not reach the issue of Jiang's eligibility for asylum under *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (holding that the forced abortion or sterilization of a spouse does not qualify an applicant for refugee status absent some individualized showing of persecution).

The government asserts that Jiang has abandoned any challenge to the agency's denial of withholding of removal and relief

under the CAT. In his brief to this Court, Jiang does not cite to the legal standards for those claims, and he makes only a passing reference to them in his concluding sentence. Because Jiang fails to meaningfully challenge the agency's denial of his application for withholding of removal and relief under the CAT, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Jiang's pending motion for a stay of removal is DISMISSED as moot.