**JI XI QIU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 07–3393–ag.

United States Court of Appeals, Second Circuit.

April 18, 2008.

Gang Zhou, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mark C. Walters, Assistant Director; Julie M. Iversen, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Ji Xi Qiu, a native and citizen of the People's Republic of China, seeks review of a July 10, 2007 order of the BIA affirming the May 11, 2006 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum and withholding of removal. *In re Ji Xi Qiu,* No. A79 458 323 (B.I.A. Jul. 10, 2007), *aff'g* No. A79 458 323 (Immig. Ct. N.Y. City May 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When, as here, the BIA issues a detailed opinion, affirming the IJ's decision and supplementing it, we review the BIA's opinion. *Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ The BIA erred in independently assessing the record to find that Qiu's encounter with the family planning officials did not constitute past persecution and that his response did not constitute "other resistance" to the family planning policies. *See Shi Liang Lin v. U.S. Dep't of Justice,*

494 F.3d 296, 309–10 (2d Cir.2007) (en banc) (citing 8 U.S.C. § 1101(a)(42)) (holding that while an alien is not *per se* eligible for asylum based on the forced abortion or sterilization of his wife by traditional marriage, he may establish eligibility for asylum by demonstrating "other resistance to a coercive population control program" or "a well founded fear that he or she will be ... subject to persecution for such ... resistance ..."). For all appeals filed after September 25, 2002, the BIA is no longer permitted to engage in *de novo* review of an IJ's factual findings. *See* 8 C.F.R. §§ 1003.1(d)(3)(i), (iv); *In re S–H–*, 23 I. & N. Dec. 462, 466 (B.I.A.2002). Rather, "[f]acts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. §§ 1003.1(d)(3)(i), (iv). The BIA's independent assessment of portions of the record not relied on by the IJ, as occurred in this case, is classic *de novo* review, which constitutes legal error and requires remand. *See Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.*, 470 F.3d 509, 515 (2d Cir.2006) (review of record which independently assessed petitioner's credibility without giving deference to the findings of the IJ was legal error which required remand); *cf. Belortaja v. Gonzales*, 484 F.3d 619, 625 (2d Cir.2007) (BIA's adverse credibility determination based on a factual determination made upon de novo review of the existing record was permissible under the pre–2002 regulations); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir.2006) (holding that the BIA did not engage in improper fact-finding when it emphasized the IJ's finding of an omission which was already in the record).

Moreover, we cannot say that remand would be futile here because of the numerous errors committed by the agency. *Cf.* *Cao He Lin,* 428 F.3d at 401. First, the agency erred in failing to consider record evidence relevant to the question of whether Qiu "resisted" the Chinese family planning policy and whether he suffered past persecution. *See* 8 U.S.C. § 1101(a)(42); *see also Tian–Yong Chen,* 359 F.3d at 128. In finding that Qiu's actions did not constitute "resistance" to that policy and that he was not persecuted, the agency failed to consider plainly material evidence regarding, inter alia, a physical confrontation between Qiu and family planning cadres, Qiu's detention, and a subsequent verbal confrontation between Qiu and family planning cadres at the Family Planning Board the day after his wife was forced to abort a pregnancy and sterilized, at which confrontation he was told he was being penalized for resisting and obstructing family planning regulations. *See Tian–Yong Chen,* 359 F.3d at 128.

■ Second, the BIA's finding that Qiu's fear of sterilization is not objectively reasonable even assuming he engaged in and was persecuted for "other resistance," was erroneous as it failed to shift the burden to the government. Where an alien's testimony has established past persecution, a presumption of well-founded fear of future persecution arises, at which point the burden shifts to the government to show otherwise. *See* 8 C.F.R. § 208.13(b)(1)(ii). In addition, in rejecting Qiu's claim of a well-founded fear of persecution due to lack of "evidence that the cadres have demonstrated any ongoing interest in [Qiu]," the BIA failed to take into account that Qui may base a claim of future persecution on "a pattern or practice" in China "of persecution of a group of persons similarly situated" to him. 8 C.F.R. § 208.13(b)(2)(iii). Moreover, Qiu's testimony that the family planning authorities sterilized his wife in order to punish him lends credence to his claim that they

sought to persecute him. The BIA's hypothesis that the previous sterilization of Qiu's wife makes it unlikely for the family planning authorities to carry out their threat to sterilize Qui constituted impermissible speculation. *See Cao He Lin,* 428 F.3d at 405 holding that ("absent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices").

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. As we have completed our review, Qui's pending motion for a stay of removal in this petition is DENIED as moot.