# Matter of Devon Bercham KELLY, Respondent

File A97 530 863 - Los Fresnos

*Decided as amended February 5, 2008*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  If an Immigration Judge includes an attachment to a decision, particular care must be taken to insure that a complete record is preserved.

(2)  An attachment to an Immigration Judge's oral decision should be individualized with the respondent's name, the alien registration number, and the date of the decision, and it should be appended to the written memorandum summarizing the oral decision, which should reflect that there is an attachment.

FOR RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Lessa N. Whatmough, Assistant Chief Counsel

BEFORE:  Board Panel:  HOLMES, GRANT, and MILLER, Board Members.

HOLMES, Board Member:

## ORDER:

**PER CURIAM.**  The respondent has appealed from the July 24, 2007, decision of the Immigration Judge in his case.  The transcribed oral decision of the Immigration Judge in the record before us is incomplete.  The decision includes six captioned subheadings, including those pertinent to the relevant statements of law, each of which states, "Please see attachment 'A,' included in the Court's file."  However, the attachment, which was not referenced on the record during the course of the proceedings, is not in the record before us. Accordingly, the record is remanded to the Immigration Judge for inclusion of the complete decision in this case and for certification of the record to the Board thereafter.

---

[1]  On our own motion, we amend the November 27, 2007, order in this case.  The amended decision makes editorial changes consistent with our designation of the case as a precedent.

We note that including an "attachment" to an Immigration Judge's oral or written decision, rather than rendering an individual decision in its entirety, is not a specifically proscribed practice. However, if utilized, *particular* care must be taken to insure that a complete record is preserved. Because such "attachments" tend to have a history of being amended over time, as, for example, when changes of applicable law occur, the best practice in any case in which an attachment is used is to individualize the document with the respondent's name, the alien registration number, and the date of the decision. This insures that in cases such as this one, where the document either was not originally included in the record, through error or oversight, or was separated from the record at some point, there can be certainty that the correct attachment is ultimately associated with the file. The written memorandum summarizing the oral decision that is provided to the parties at the time the decision is entered should reflect that there is an attachment, and the attachment should be appended to that document for ease of identification and location in the record.

Further, the Immigration Judge should make clear on the record at the time of the oral decision that his or her intent is to utilize an attachment, rather than to orally recite the entirety of the decision, and a copy of the relevant document should be provided to the parties. The parties should be given the opportunity to make any objections to the practice. Finally, it is the Immigration Judge's responsibility to insure that the decision in the record is complete. *See* 8 C.F.R. §§ 1003.36, 1003.37 (2007); *see also Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002). While failure to comply with all these procedures will likely be harmless error in many cases, there may be circumstances where such is not the case. Therefore, as previously noted, an Immigration Judge must take particular care to insure that the entire decision is preserved for the record.