SUMMARY ORDER
Sai Tao Zheng and her two children, Shang Yang Zhou and Cuankuai Zou, natives and citizens of the People’s Republic of China, seek review of a July 25, 2008 order of the BIA, affirming the June 12, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied Zheng’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sai Tao Zheng, No. A073 448 306 (B.I.A. July 25, 2008), aff'g No. A073 448 306 (Immig. Ct. N.Y. City June 12, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I. The BIA’s Standard of Review
Zheng argues that the BIA erx-ed in applying the “clearly erroneous” standard of review to the IJ’s adverse credibility finding instead of the more rigorous de novo standard. We disagree. In April 1999, the date that Zheng appealed the IJ’s first decision to the BIA, the BIA “had broad authority to engage in de novo review of the record underlying an Immigration Judge’s decision and make its own independent findings of fact, irrespective of those made by the Immigration Judge.” Matter of S-H-, 23 I. & N. Dec. 462, 463-64 (BIA 2002) (citations omitted). In September 2002, however, the Attorney General issued new regulations providing that the BIA would no longer be permitted to engage in de novo review of an IJ’s factual findings. Id. at 464; see also 8 C.F.R. § 1003.1(d)(3). Instead, the new regula *27 tions provided that “[f]acts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.” 8 C.F.R. § 1003.1(d)(3)©; see also Matter of S-H-, 23 I. & N. Dec. at 464.
In this case, on remand, the BIA correctly found that the date of appeal was July 2006, the date of Zheng’s Notice of Appeal from the IJ’s second decision. Accordingly, the BIA properly applied the post-September 2002 clear error standard of review. While Zheng argues that the intervening petition for review and remand did not create a new date of appeal, as the Government notes, the plain language of the regulation indicates that Zheng’s claim is not governed by the prior version of the regulation because she filed a second appeal to the BIA in July 2006. See 8 C.F.R. § 1003.1(d)(3)©. In Belortaja v. Gonzales, 484 F.3d 619, 624 & n. 3 (2d Cir.2007), we concluded that the BIA properly applied the pre-2002 version of 8 C.F.R. § 1003.1(d)(3)© to a case that had been appealed to the BIA before the changes took effect, but remanded from this Court after such changes, where the petitioner had only filed one Notice of Appeal with the BIA — prior to the September 2002 effective date of the new regulation. Here, in contrast, the BIA remanded Zheng’s proceedings to the IJ for a new decision, from which Zheng filed an appeal in July 2006. As a result, the BIA did not err in reviewing the IJ’s factual findings for clear error. See 8 C.F.R. § 1003.1(d)(3)©.
II. Asylum & Withholding of Removal
Substantial evidence supports the agency’s denial of Zheng’s asylum and withholding of removal claims. The agency did not err in basing its adverse credibility determination in part on inconsistencies between Zheng’s testimony and asylum application, and the record of her airport interview. Specifically, the agency noted that Zheng testified and stated in her asylum application that she came to the U.S. to escape persecution in China, where she had been forced to have an IUD inserted, forcibly sterilized, and fined for non-compliance with the country’s family planning policy. In contrast, Zheng stated at her airport interview, inter alia, that (1) she had not had any trouble with the Chinese government; (2) she came to the U.S. because “[fit’s hard to make a living in the village”; and (3) the Chinese government fined her because “[fit is better to have children more than five years apart.”
When the immigration officer asked if Zheng had anything else to add, she did not allege persecution under the family planning policy. Instead, she clarified that the government did not take money from her, but rather people who control the village took money from her because her husband was in the U.S. and “they think I have a lot of money.” We conclude that the record of Zheng’s airport interview was sufficiently reliable to form the basis of an adverse credibility determination. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178-80 (2d Cir.2004). And the discrepancies between Zheng’s statements at that interview and her later asylum application and testimony provided ample basis upon which the agency could conclude that she was not credible. See id. at 180-81.
The IJ did not err in relying on Zheng’s omission from her asylum application and her initial testimony of her second forced IUD insertion. The IJ reasonably found that this omission undermined Zheng’s credibility. See Cheng Tong Wang v. Gonzales, 449 F.3d 451, 453-54 (2d Cir.2006). Nor was the agency required to accept Zheng’s explanation for this omission— that she simply forgot to mention this *28 detail. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Finally, in light of Zheng’s non-credible testimony, the agency did not err in finding that she failed to produce adequate corroboration to meet her burden of proof. Zheng argues that this conclusion ignores her corroborating evidence, and that the agency’s adverse credibility determination “is not in accord with the physical evidence of those two separate procedures that no reasonable person would ever have done in a voluntary manner.” However, the agency did not err in finding that the medical records Zheng submitted did not establish that the IUD insertion or the sterilization procedure were involuntary. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006). Zheng also contends that, in light of her corroborating evidence, the IJ erred in failing to take additional testimony. However, the record clearly indicates that the IJ was prepared to take additional testimony from Zheng, but Zheng’s counsel stated that such testimony was not necessary.
Ultimately, the agency’s adverse credibility determination was supported by substantial evidence. See Corovic, 519 F.3d at 95. The agency’s denial of Zheng’s application for asylum and withholding of removal was therefore proper. See 8 C.F.R. §§ 208.13(b), 208.16(b)(1); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
III. CAT Claim
In her brief to this Court, Zheng fails to challenge the agency’s denial of her application for relief under the CAT. We therefore decline to review the agency’s decision insofar as it denied that claim. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 7 (2d Cir.2005).
IV. Jurisdiction Over Zheng’s Children (Shang Yang Zhou and Cuankuai Zou)
Finally, Zheng contends that her children are properly included as petitioners before this Court and that the IJ and BIA erred in failing to include them in their decisions on remand. Because we deny the petition for review in any event, the sons, whose claim was entirely derivative of their mother’s, would be in no better position had they been included as named parties in these proceedings. Thus, we dismiss the petition for review as to Zheng’s sons.
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.