08-4712-ag
Sherpa v. Holder

BIA
Brennan, IJ
A095 841 645

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand ten.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       ROGER J. MINER,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

PASANG SHERPA, ALSO KNOWN AS
ANG BAWA SHERPA,
>       *Petitioner,*

>       v.                                        08-4712-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,* UNITED STATES
DEPARTMENT OF JUSTICE,
>       *Respondents.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York,
                       New York.

---

*    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENTS:**     Michael F. Hertz, Acting Assistant
Attorney General; Terri J. Scadron,
Assistant Director; Greg D. Mack,
Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Petitioner Pasang Sherpa, a native and citizen of Nepal, seeks review of an August 27, 2008 order of the BIA reversing the April 18, 2006 decision of Immigration Judge ("IJ") Noel A. Brennan, granting his application for asylum. *In re Pasang Sherpa*, No. A095 841 645 (B.I.A. Aug. 27, 2008), *rev'g* No. A095 841 645 (Immig. Ct. N.Y. City Apr. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law

and the application of law to undisputed fact are reviewed *de novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Sherpa argues that the BIA erred in finding clearly erroneous the IJ's determination that he testified credibly. The BIA may overturn an IJ's factual findings only if those findings are "clearly erroneous." *See* 8 C.F.R. §§ 1003.1(d)(3)(i), 1003.3(f); *see also In re S-H-*, 23 I. & N. Dec. 462, 466 (B.I.A. 2002) ("Under the new regulatory provisions, the Board will not engage in de novo review of findings of fact determined by an Immigration Judge in any case in which the appeal is filed on or after September 25, 2002."). The BIA may not substitute its judgment for the IJ's when reviewing the IJ's findings. *See Fen Yong Chen v. BCIS*, 470 F.3d 509, 514 (2d Cir. 2006). The BIA may not reject a factual finding simply because it would have weighed the evidence differently or decided the facts differently had it been the factfinder. *See Matter of R-S-H-*, 23 I. & N. Dec. 629, 637 (BIA 2003). A factual finding is "clearly erroneous" only if the reviewing body is left with the "definite and firm conviction that a mistake has been committed." *See id.* If an IJ's finding that an

3

applicant is credible is rejected on the basis of the BIA's own independent analysis of the applicant's credibility, then the BIA has conducted an impermissible *de novo* review. *See Fen Yong Chen*, 470 F.3d at 514.

In this case, the BIA recited the "clearly erroneous" standard, but it did not explain how the IJ erred or even clearly specify which of the findings were erroneous. *See id.* Rather, the BIA conducted its own *de novo* review of the record and reached its own credibility determination, without directly addressing the IJ's findings or analysis. *See id.*

In overturning the IJ's credibility finding, the BIA emphasized Sherpa's omission of the kidnapping from his asylum application, but did not address to any extent the IJ's lengthy discussion of this omission or her analysis of Sherpa's explanations for it. The BIA concluded that Sherpa's explanations were inadequate, but it did not refute, or even acknowledge, the IJ's reasons for crediting those explanations. *See id.* ("The BIA's substitution of its judgment for the IJ's is classic *de novo* review."). While the IJ's analysis of Sherpa's omission of the kidnapping may have been flawed, the BIA never explained why it was flawed. *See id.*

4

The BIA also cited certain inconsistencies in the record as grounds for finding Sherpa not credible and for deeming the IJ's positive credibility determination clearly erroneous. The IJ found that, despite his vagueness about dates, Sherpa had testified consistently that the kidnapping had taken place in the general time period of July to August 2001 and that he had received one letter from the Maoists a few weeks before the kidnapping and the other letter a few weeks afterward. The BIA did not discuss these findings, or her impression that the drinking problem for which Sherpa was receiving treatment could explain the "fuzziness" of some of his testimony, especially with respect to dates. *See id.*

The BIA also cited a discrepancy in the record regarding whether the Maoists began coming to Sherpa's home in 1996 or in 2000. However, since the IJ made no mention of this discrepancy (raised at one point during Sherpa's lengthy merits hearing), the BIA was improperly engaging in independent fact-finding based on a *de novo* review of the record, *see* 8 C.F.R. § 1003.1(d)(3); *see also Fen Yong Chen*, 470 F.3d at 514, thereby substituting its own judgment for that of the IJ *see* 8 C.F.R. § 1003.1(d)(3)(i)-(iv). Accordingly, we grant the petition with respect to Sherpa's

challenge to the BIA's determination that Sherpa had not demonstrated his eligibility for asylum or withholding of removal because he was not credible.

Sherpa additionally asserts that the BIA insufficiently considered his CAT claim. Although Sherpa applied for CAT relief, neither the IJ nor the BIA has, as of yet, reached the merits of that application. Accordingly, the agency may wish to consider this claim on remand.

For the foregoing reasons, the petition for review is GRANTED, and the case is remanded to the agency for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk