Brian **HERNANDEZ–CHAVEZ**,
Petitioner,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 02–74014.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2004.*

Decided June 24, 2004.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, John D. Williams, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: MCKEOWN, BYBEE, Circuit Judges, and BREYER, District Judge.**

MEMORANDUM ***

Brian Hernandez–Chavez petitions for review of an order of the Board of Immi-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

gration Appeals summarily affirming the Immigration Judge's (IJ's) decision in his case. As the parties are familiar with the facts, we will not repeat them here.

The IJ did not deprive Hernandez–Chavez of due process by requesting at the outset of the hearing that Hernandez–Chavez explain discrepancies between his credible fear interview and his asylum application. The discrepancies were directly relevant to Hernandez–Chavez's credibility, which in turn was necessary to his asylum and withholding of removal claims. *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002). Requesting an explanation of the discrepancies therefore did not render the proceeding "so fundamentally unfair that [Hernandez–Chavez] was prevented from reasonably presenting his case," a requirement for establishing a due process violation. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation and internal quotation marks omitted). Because Hernandez–Chavez did not explain the inconsistencies, there was no need for the IJ to allow further presentation of the case. Additionally, although the IJ made some insensitive remarks, on review of the hearing transcript as a whole, as well as the IJ's oral decision, the IJ's comments did not display the type of obvious prejudgment and bias that violate due process. *Cf. Cano–Merida v. INS*, 311 F.3d 960, 964–65 (9th Cir.2002); *Sanchez–Cruz v. INS*, 255 F.3d 775, 779–80 (9th Cir.2001); *Colmenar*, 210 F.3d at 969–72.

We review the IJ's adverse credibility finding for substantial evidence. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004). We uphold the finding, and therefore the denial of Hernandez–Chavez's asylum and withholding of removal claims, because the IJ established a legitimate, articulable basis to question Hernandez–Chavez's credibility and offered specific, cogent reasons for his disbelief. *See*

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). The IJ relied on Hernandez–Chavez's omission of incidents forming the heart of his asylum claim from his initial interview, and his statement at the interview that he had no problems with the Mexican police. These facts constituted substantial evidence to support the adverse credibility finding.

The same contradictions, together with Hernandez–Chavez's testimony before the IJ, constituted substantial evidence to support the IJ's finding that Hernandez–Chavez's application was frivolous; that is, that Hernandez–Chavez knowingly filed an application containing deliberate fabrications as to material elements, and failed to explain the discrepancies satisfactorily despite sufficient opportunity to account for them. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 208.20; *cf. Farah*, 348 F.3d at 1157–58.

Hernandez–Chavez argues that because he presented new evidence (a psychological evaluation by a social worker) on appeal to the Board, the Board was required to remand the proceeding to the IJ to consider the new evidence. We assume that Hernandez–Chavez properly moved for remand. Reviewing the Board's denial of a motion to remand for abuse of discretion, *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999), we find none here. The Board may remand a proceeding to the IJ if further factfinding is needed in a particular case, 8 C.F.R. § 1003.1(d)(3)(iv), but must deny remand if the evidence submitted on appeal could have been discovered or presented at the former hearing. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987); *cf.* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings [before the Board] shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"). Her-

nandez–Chavez has not satisfactorily explained why the information in the report was undiscoverable at the time of the hearing.

We lack jurisdiction over Hernandez–Chavez's claim under the Convention Against Torture because he did not fairly present that claim to the Board. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.