**Rodolfo Contreras ARISPE; Manuela Maldonado Gama, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74424.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sung U. Park, Esquire, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Claire L. Workman, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Rodolfo Contreras Arispe and Manuela Maldonado Gama, married natives and citi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**574**

zens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

■ The agency's interpretation and application of the hardship standard fell within the broad range authorized by the statute, *see Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003), and petitioners' contention that the agency violated their due process rights by failing properly to consider their hardship evidence does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

■ Petitioners' contention that their removal would result in the deprivation of their children's rights is not supported. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir.2005); *Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978) (rejecting argument that deportation of parents amounts to de facto deportation of child and thus violates child's constitutional rights).

■ The BIA also did not err when it declined to consider new evidence present-

ed by petitioners on appeal. Under regulations effective September 25, 2002, the BIA is not permitted to "engage in factfinding in the course of deciding appeals," and petitioners did not file a motion to remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

We do not address whether the agency erred in determining that Contreras' conviction for spousal battery falls under 8 U.S.C. § 1227(a)(2), precluding his eligibility for cancellation of removal, because the hardship determination is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(D) (to be eligible for cancellation of removal the applicant must establish the requisite hardship).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**