FILED

NOT FOR PUBLICATION

SEP 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIBERTO ERRERA, AKA Eriberto Errera-Longoria, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72835 <br><br> Agency No. A077-138-504 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2012
San Francisco, California

Before: CALLAHAN and BEA, Circuit Judges, and BENNETT, District Judge.[**]

Eriberto Errera seeks review of an order by the Board of Immigration

Appeals ("BIA") determining that he was removable and ineligible for relief from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for Northern Iowa, sitting by designation.

removal. He argues that he is entitled to relief because the Department of Homeland Security ("DHS"): (1) improperly sought to introduce evidence that it had failed to present to the Immigration Judge ("IJ"); and (2) provided him with an incomplete Form I-294 when he was removed in 2003. We deny the petition in part and dismiss it in part.[1]

**1.** Even accepting that DHS's motion to reconsider (which the IJ denied) was improper, Errera was not prejudiced by the motion because the BIA issued a *sua sponte* remand to the IJ for further factfinding. Accordingly, to prevail Errera must show that the BIA exceeded its authority in issuing a *sua sponte* remand.

Our opinion in *Rodriguez v. Holder*, 683 F.3d 1164 (9th Cir. 2012), holds that the BIA has the authority pursuant to 8 C.F.R. § 1003.1(d)(3)(iv) to issue a *sua sponte* remand. "Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding." *Id*. at 1170. "[I]f the BIA believes that it cannot decide the case without resolution of these facts, then it must remand to the IJ for further factual findings." *Id*. at 1173. "If the BIA concludes that it cannot properly review the IJ's decision without further factual development of the record,

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

then the Board must remand the case to the IJ so that he may make the requisite factual findings." *Id*. at 1177. These statements necessarily imply that the BIA has the power to remand *sua sponte*.

In so ruling, we agreed with the Second Circuit's opinion in *Padmore v. Holder*, 609 F.3d 62, 70 (2d Cir. 2010) ("If on remand there is a need to develop the factual record further, a task outside the scope of the BIA's authority, *see* 8 C.F.R. §§ 1003.1(d)(3)(i), (iv), we instruct the BIA to send this case to an IJ for further findings of fact."). *See also Brezilien v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009) (holding that 8 C.F.R. § 1003.1(d)(3)(iv) unambiguously "requires the BIA to remand the factual inquiry to the IJ rather than making its own factual finding on the matter").

We are bound by our ruling in *Rodriguez* that the BIA may *sua sponte* remand a matter to the IJ for further factfinding. *See Santamaria v. Horsley*, 110 F.3d 1352, 1355 (9th Cir. 1997) ("It is settled law that one three-judge panel of this court cannot ordinarily reconsider or overrule the decision of a prior panel.").

Here, the BIA did not act arbitrarily or abuse its discretion in *sua sponte* remanding Errera's case for further factfinding. The IJ failed to determine the nature of Errera's departures from the United States in 1985 and 2003. Indeed, the uncontroverted evidence on remand was that Errera had been ordered removed on

3

February 20, 2003, and thus was inadmissible and ineligible for the adjustment of status that he sought.

In sum, the Ninth Circuit has held the BIA has the authority to issue a *sua sponte* remand for further factfinding and the BIA reasonably did so in this case. Accordingly, Errera was not prejudiced by the DHS's improper request that the IJ reconsider his opinion. Errera does not otherwise challenge the basis for the BIA's removal order following the remand to the IJ.

**2.** We decline Errera's request that we defer submission pending the en banc proceedings in *Garfias-Rodriguez v. Holder*, No. 09-72603. *Garfias-Rodriguez* concerns a different subsection of the statute from *Duran-Gonzales v. Department of Homeland Security*, 508 F.3d 1227 (9th Cir. 2007). The mandate in *Duran-Gonzales* issued in January 2009, and thus *Duran-Gonzales* was the applicable extant Ninth Circuit law when the BIA considered Errera's case when he appealed from the IJ's adverse decision on remand.

**3.** We dismiss Errera's claim that the Form I-294 that he was given when he was removed in 2003, on which certain boxes were not checked, was inadequate. He failed to raise this argument before the BIA or the IJ, and thus, we lack jurisdiction to consider the claim. *Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011). Were we to reach the argument, we would deny relief because the claim

4

that the incomplete form constitutes a denial of due process is tenuous at best, *see United States v. Ullyses-Salazar*, 28 F.3d 932, 936 (9th Cir. 1994), *overruled on other grounds*, *United States v. Gomez-Rodriguez*, 96 F.3d 1262, 1265 (9th Cir. 1996) (en banc) , and there is no indication that the form or its contents had any effect on Errera's decision to reenter the United States within three days of being removed.

The petition for review is DISMISSED to the extent that it seeks review of Errera's claim concerning the Form I-294 he was given, and is otherwise DENIED.

*Errera v. Holder*, No. 10-72835

CALLAHAN, Circuit Judge, concurring:

While we all agree that Errera is not entitled to relief, I write to indicate that, unlike my colleagues, I do not think that our decision in *Rodriguez v. Holder*, 683 F.3d 1164 (9th Cir. 2012) is wrong, or that the Board of Immigration Appeals ("BIA") lacks the authority to issue a *sua sponte* remand.

Perhaps 8 C.F.R. § 1003.1(d)(3)(iv) is not a model of clarity. Nonetheless, its provision that, "[i]f further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge, or, as appropriate, to the Service," certainly admits to the interpretation that the BIA may issue a *sua sponte* remand. Indeed, Judge Bennett concedes as much.

If the regulation – to the extent that it does not simply give the BIA authority to issue a *sua sponte* remand – is ambiguous, there are several reasons for holding that it does authorize *sua sponte* remands. The Department of Homeland Security ("DHS") has interpreted the regulation as authorizing *sua sponte* remands. *See In re S-H-*, 23 I & N. Dec. 462 (BIA 2002). The Second Circuit has held that the BIA may issue a *sua sponte* remand, *Padmore v. Holder*, 609 F.3d 62, 70 (2d Cir. 2010), and we so implied in *Brezilien v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009).

Furthermore, a contrary position would leave the BIA in an untenable

1

position. All agree that, pursuant to § 1003.1(d)(3), the BIA is prohibited from making findings of fact. *Rodriguez*, 683 F.3d at 1170 (noting that BIA regulations prohibit the BIA from making findings of fact and citing other circuit court cases in accord). What then is the BIA to do where, as stated in *Rodriguez*, 683 F.3d at 1170, "the IJ has not made a finding of fact on a disputed matter, and such finding is necessary to resolution of the case?"

Judge Bennett's solution appears to be that the BIA could *sua sponte* reopen the proceedings, but that otherwise DHS must promulgate new regulations that more clearly set forth the BIA's authority to issue a *sua sponte* remand. He presumes that the BIA's authority to reopen is clear, but 8 C.F.R. § 1003.2(a) might not survive the type of scrutiny he imposes on §1003.1.[1] In any event, Judge Bennett apparently would have the BIA render a decision on an inadequate record. Interestingly, should a party seek judicial review from such a decision, he

---

[1] For example, the first sentence in 8 C.F.R. § 1003.2(a) states that "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." Arguably, this regulation is not applicable because when Errera appealed to the BIA, the BIA had not "rendered a decision." In other words, the BIA must first make a decision before that decision can be reopened or reconsidered. Furthermore, if the BIA is barred from issuing a *sua sponte* remand (where no party has requested a remand and the evidence existed at the time of the hearing before the Immigration Judge), it seems questionable whether the BIA would be allowed to expand its authority by arguably misusing another regulation.

2

accepts that the Ninth Circuit could direct the BIA to remand for further factfinding, even though the BIA itself could not do so.[2] Thus, interpreting the regulation and case law in the manner suggested by Judge Bennett would hamstring the BIA, tends to undermine the respect due to the BIA as an appellate adjudicative body, and promotes inefficiency. These are all good reasons for not adopting such an interpretation of an ambiguous regulation.

For the reasons set forth in our opinion in *Rodriguez*, 683 F.3d 1164, set forth in the Second Circuit's opinion in *Padmore*, 609 F.3d 62, and foretold in *Brezilien*, 569 F.3d 403, I would hold that the BIA has the authority to issue *sua sponte* remands pursuant to 8 C.F.R. § 1003(d)(3)(iv), even if I were writing on a blank slate.

Finally, I disagree with Judge Bennett's suggestion that because the BIA erroneously remanded Errera's case, Errera is somehow entitled to the application of law as it existed at the time of the remand, rather than as it existed when his case came back before the BIA or as it now exists. *See* Judge Bennett's concurring

---

[2] Footnote 5 in Judge Bennett's concurring statement states: "[m]y interpretation of 8 C.F.R. § 1003.1(d)(3)(iv) does not limit the power of this court to direct the BIA to remand for further factfinding, if necessary, as this court did in *Brezilien*, 569 F.3d at 415, and *Recinos de Leon* [*v. Gonzales*], 400 F.3d [1185] at 1994 [9th Cir. 2005]."

statement § 2C.  I know of no authority for somehow dialing back the passage of time whenever an agency makes a procedural mistake that delays subsequent judicial review, and Judge Bennett offers none.

I join my colleagues in complimenting counsel and particularly the law students who represented Errera on their briefing and argument of this case.

4

*Errera v. Holder*, 10-72835

BENNETT, District Judge, joined by BEA, Circuit Judge, concurring:

I agree with the majority that this case should not be stayed pending the en banc proceedings in *Garfias-Rodriguez v. Holder* and that Errera's claim concerning his incomplete Form I-294 should be dismissed.

I write separately, however, as to Errera's remaining challenge to the Board of Immigration Appeals's ("BIA") final order of removal. Specifically, Errera argues that an immigration judge ("IJ") correctly adjusted Errera's status under 8 U.S.C. § 1255(i) in his initial immigration court proceedings in 2006. Errera maintains that the Department of Homeland Security's ("DHS") motion to reconsider and appeal of the IJ's order, in which DHS argued that Errera was inadmissible due to a 2003 order of removal, were improper under the regulations because DHS premised its arguments on evidence of Errera's 2003 removal that it failed to present to the IJ initially. Errera asserts that the BIA violated its own regulations and Errera's due process rights when it remanded, *sua sponte*, his case for further factfinding and permitted DHS to present evidence of Errera's 2003 removal to the IJ, who then ordered Errera removed.

I agree with my colleagues that *Rodriguez v. Holder*, 683 F.3d 1164 (9th Cir. 2012), precludes us from holding that 8 C.F.R. § 1003.1(d)(3)(iv) does not permit the BIA to remand *sua sponte* for further factfinding. However, it is unfortunate that *Rodriguez*'s interpretation of 8 C.F.R. § 1003.1(d)(3)(iv) is binding here because the

facts and argument presented by the parties to the *Rodriguez* court obscured the issue we confront today. There, the BIA exceeded its authority by factfinding on appeal, whereas, here, the BIA remanded for further factfinding without either party filing a motion for remand. The *Rodriguez* court was not called upon to confront the argument, which Errera makes here, that the BIA may not remand for further factfinding under 8 C.F.R. § 1003.1(d)(3)(iv) where neither party files a motion for remand. Thus, although I agree that *Rodriguez* binds us, I find this result to be regrettable, as I think a better reading of the plain text of 8 C.F.R. § 1003.1(d)(3)(iv) is that the BIA does not have the power to remand *sua sponte*.

## I. Background

In 2005, Errera, a citizen of Mexico, received a Notice to Appear that charged him with removability as an alien present in the United States without being admitted or paroled. Errera admitted removability as charged but filed an application to adjust his status under 8 U.S.C. § 1255(i), based on an approved I-130 visa petition. He submitted a Form I-212, Application for Permission to Reapply for Admission Into the United States After Deportation or Removal, in which he indicated that he had been removed[1] on February 20, 2003. At the time, this court's decision in *Perez-*

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 substituted the term "removal" for "deportation." *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 488 n.3 (9th Cir. 2007). Although "the difference is of no legal consequence[,]" *see id.*, I note it for clarity's sake, as I use the term "removal," though

2

*Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), permitted an IJ to grant an I-212 waiver for an individual's inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(i)(II)[2] for reentry without admission after an order of removal. *Id.* at 789. Errera also filed a Form I-601, Application for Waiver of Grounds of Inadmissibility, in which he requested a waiver of two Driving Under the Influence convictions, pursuant to INA § 212(h), 8 U.S.C. § 1182(h).

At each of Errera's initial hearings on February 14, 2006, and June 7, 2006, Errera's counsel indicated that Errera sought a waiver for his 2003 removal. However, at the August 15, 2006, evidentiary merits hearing, Errera's counsel informed the IJ that, in fact, he was not sure whether Errera had been ordered removed in 2003 or had been permitted a voluntary departure. Neither DHS nor Errera introduced any documents or transcripts regarding the 2003 immigration proceeding. Errera testified that he could not remember exactly what occurred in 2003. When pressed by the IJ, Errera's counsel indicated that, because he was not certain what occurred in 2003, Errera would seek an I-212 waiver, in case the 2003 proceeding had

---

the quoted excerpts of the administrative record sometimes refer to Errera's 2003 "deportation."

[2] 8 U.S.C. § 1182(a)(9)(C)(i)(II) provides: "Any alien who . . . has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law, and who enters or attempts to reenter the United States without being admitted is inadmissible."

3

resulted in a removal. For its part, DHS did not argue that Errera was ineligible for adjustment due to the 2003 proceeding but asserted that the IJ should, in his discretion, deny adjustment of status because of Errera's history of alcohol-related criminal convictions.[3] In his decision following the hearing, the IJ determined that Errera's 2003 proceeding concluded in a voluntary departure or a return: "It appears [Errera] was given some sort of voluntary return or voluntary departure or some sort of action resulting in his going to Mexico in 1985, and apparently again in 2003. The record's not very clear about that." The IJ adjusted Errera's status and granted Errera a waiver for his criminal record, pursuant to INA § 212(h), 8 U.S.C. § 1182(h).

Two weeks later, DHS filed a motion to reconsider, in which it argued that Errera was, indeed, ordered removed in February 2003, and that this removal rendered him ineligible for adjustment of status. The IJ denied the motion to reconsider. DHS then appealed to the BIA and argued, first, that the IJ erred in denying DHS's motion to reconsider because Errera was ineligible for adjustment of status due to his 2003 removal; and, second, that the IJ abused his discretion in granting Errera adjustment of status and a § 212(h) waiver for his criminal convictions, in light of Errera's record

---

[3] An applicant for adjustment of status must be eligible for this form of relief. *See* 8 U.S.C. § 1255(i)(2). However, eligibility does not guarantee adjustment, as the decision of whether to grant adjustment to an eligible applicant lies within the discretion of the IJ. *See id.*; *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1029-30 (9th Cir. 2010).

4

of alcohol-related offenses. In its February 2008 decision, the BIA noted that "neither the respondent nor DHS provided evidence to establish the immigration action taken in . . . 2003[,]" but that, "[o]n appeal, the DHS contends that the respondent was subject to an order of deportation in February 2003." The BIA determined that Errera's "immigration history must be clarified for the record in order to permit meaningful appellate review[,]" and, citing *In re S-H-*, 23 I. & N. Dec. 462 (BIA 2002), remanded the case "for the parties to present evidence establishing the respondent's relevant immigration history."[4] The BIA added that if the evidence showed that Errera was ordered removed in 2003, he would be inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and, pursuant to this court's then-recent decision in *Duran Gonzales v. Department of Homeland Security*, 508 F.3d 1227 (9th Cir. 2007), which overruled *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), no longer eligible for an I-212 waiver of his inadmissibility.

On remand to the IJ in October 2008, DHS moved to dismiss the proceedings as improvidently begun, so that it could reinstate Errera's 2003 removal order pursuant to 8 U.S.C. § 1231(a)(5). In the alternative, DHS argued that Errera's reentry

---

[4] The BIA did not reach the second issue DHS raised on appeal—whether, given Errera's criminal record, the IJ abused his discretion in adjusting Errera's status and granting Errera a § 212(h) waiver for his criminal convictions. The BIA noted, "Inasmuch as the record is being remanded for further proceedings, we need not decide whether the Immigration Judge abused his discretion in granting a waiver under section 212(h)."

after an order of removal rendered him inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and ineligible for adjustment of status. In its briefing to the IJ, DHS indicated that it "did not locate the executed order of removal under [sic] after the Respondent's merits hearing concluded." DHS entered into evidence a copy of Errera's 2003 removal order. The IJ did not grant DHS's motion to dismiss but determined, based on Errera's prior removal, that Errera was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and ineligible for adjustment of status under 8 U.S.C. § 1255(i). The IJ ordered Errera removed. Errera appealed to the BIA, which, in August 2010, adopted and affirmed the IJ's decision that Errera was inadmissible and ineligible for relief and dismissed Errera's appeal. Errera's timely appeal to this court followed.

## II. Discussion

Errera maintains that DHS's motion to reconsider the IJ's order, and the BIA's *sua sponte* remand following DHS's appeal from the IJ's denial of the motion to reconsider, were impermissible under the regulations and violated his due process rights because DHS based its arguments on evidence that it failed to introduce before the IJ originally. DHS, in contrast, urges that "[t]he propriety of DHS's 2006 motion to reconsider before the immigration judge . . . is irrelevant[,]" because the BIA properly remanded the case for further factfinding, as the record of Errera's 2003

6

immigration proceeding was unclear, and Errera bore the burden of establishing that he was eligible for adjustment of status. DHS asserts that the BIA's "remand to the immigration judge rendered moot DHS's motion because the open-ended nature of the remand order resulted in a reopening of the case in any event."

Additionally, DHS asserts that, regardless of its initial position regarding Errera's eligibility for adjustment of status, Errera is now ineligible for relief, as this court's decision in *Duran Gonzales*, 508 F.3d at 1242, that individuals who reenter the United States after a removal are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and ineligible for a waiver, overruled *Perez-Gonzalez*, 379 F.3d at 789, and applies retroactively to Errera's case. Thus, DHS argues, no matter whether Errera could have adjusted his status in 2006 under this court's prior interpretation of 8 U.S.C. § 1182(a)(9)(C)(i)(II) in *Perez-Gonzalez*, he is now unable to do so under *Duran Gonzales*, as the evidence has established that Errera was ordered removed in 2003.

As a preliminary matter, I note that, although Errera frames as due process violations his claims regarding DHS's motion to reconsider and the BIA's remand, the Supreme Court has instructed that, "[p]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (citations and internal quotation marks omitted); *accord*

7

*Singh v. Gonzales*, 499 F.3d 969, 980 (9th Cir. 2007). Here, because I determine that the BIA exceeded its regulatory authority, I would grant Errera the relief he seeks pursuant to the regulations, and I need not reach his constitutional argument. *See Jean*, 472 U.S. at 854-55 ("Because the current statutes and regulations provide petitioners with . . . all they seek to obtain by virtue of their constitutional argument[,] there [i]s no need to address the constitutional issue.").

## A.    DHS's Motion to Reconsider

I agree with Errera—and note that DHS does not seriously dispute but, instead, urges the irrelevance of this issue—that DHS's motion to reconsider, based on evidence of Errera's 2003 removal that DHS did not present prior to the IJ's decision, did not comply with immigration court regulations. The regulations provide that a motion to reconsider functions to identify "errors of fact or law in the Immigration Judge's prior decision," 8 C.F.R. § 1003.23(b)(2), and that a motion to reopen, in contrast, permits a party to present new evidence, but only if the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.23(b)(3). Thus, a party's belated disclosure of previously available evidence does not provide sufficient grounds for an IJ to revisit his prior decision, no matter whether a party frames its motion as one to reconsider or to reopen the IJ's decision. DHS has never explained its failure to

8

produce evidence of Errera's 2003 removal at the August 2006 evidentiary merits hearing, despite having ten months to do so after the issuance of Errera's Notice to Appear in October 2005. Rather, DHS has merely remarked that it "did not locate the executed order of removal under [sic] after the Respondent's merits hearing concluded." Nonetheless, there is no error attributable to DHS's motion to reconsider, in and of itself, as the IJ denied it.

## B.    The BIA's Remand for Further Factfinding

The error occurred, instead, when the BIA remanded Errera's case for further factfinding after DHS appealed the IJ's denial of its motion to reconsider. Although DHS's argument to this court hinges on the propriety of the BIA's remand, DHS offers little explanation of how the regulations permitted the BIA to remand this case for further factfinding. The extent of DHS's analysis on this point is as follows:

> And, because Duran Gonzales overruled Perez-Gonzale[z] and applies to Errera's case, as previously discussed, the Board was required to remand Errera's case for an admissibility finding prior to issuing a final judgment on the merits. See Padmore v. Holder, 609 F.3d 62, 67 (2d Cir. 2010) ("By Force of [8 C.F.R. § 1003.1(d)(3)(iv)], '[i]f incomplete findings of fact are entered' by an IJ and the BIA cannot affirm 'the Immigration Judge's decision . . . on the basis that he or she decided the case' and if 'the dispositive issue is [not] sufficiently clear,' BIA has said it will remand to the IJ 'for further factfinding.'") (quoting *In re S-H-*, 23 I. & N. Dec. 462, 465 (BIA 2002)).

I disagree that the regulation cited by DHS, 8 C.F.R. § 1003.1(d)(3)(iv), permits the

9

BIA to remand for further factfinding, where, as here, neither party filed a motion for remand.

## 1. 8 C.F.R. § 1003.1(d)(3)(iv) Is Ambiguous

The governing regulations, which create and circumscribe the powers of the BIA, *see* 8 C.F.R. § 1003.1(d) (delineating "Powers of the Board"), provide, in relevant part:

> Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

8 C.F.R. § 1003.1(d)(3)(iv). The meaning of the regulation is ambiguous as to whether the BIA may remand for further factfinding, absent a party's motion for remand. The final sentence could modify the sentence that precedes it: that is, the BIA, upon receiving a party's motion for remand, may, if further factfinding is needed, remand the proceeding to the immigration judge or, as appropriate, to the Service. Or, in contrast—as *Rodriguez* apparently found, though it did not analyze the regulation's language—the last sentence of the regulation could grant the BIA authority to remand the case *sua sponte* "[i]f further factfinding is needed,"

10

independent of a party's motion for remand.

## 2. Prior Interpretations of 8 C.F.R. § 1003.1(d)(3)(iv)

Prior to *Rodriguez*, this court, when considering 8 C.F.R. § 1003.1(d)(3)(iv), noted that the regulation does not permit the BIA to engage in its own factfinding and that, "where the IJ has not made a necessary factual finding, the regulation requires the BIA to remand the factual inquiry to the IJ rather than making its own factual finding on the matter." *Brezilien v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009); *accord Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1194 (9th Cir. 2005) ("If the BIA determines that further factual determinations are necessary to its opinion, the BIA must remand the case for fact finding under § 1003.1(d)(3)(iv).").[5] These cases said nothing, however, about whether, when further factfinding is necessary, the BIA may remand *sua sponte* or only upon a party's motion.[6]

---

[5] My interpretation of 8 C.F.R. § 1003.1(d)(3)(iv) does not limit the power of this court to direct the BIA to remand for further factfinding, if necessary, as this court did in *Brezilien*, 569 F.3d at 415, and *Recinos de Leon*, 400 F.3d at 1194.

[6] Furthermore, while not binding precedent, this court has indicated, in a case that more closely resembles the situation here, that the BIA's authority to remand is limited and hinges on a party's motion: "The Board may remand a proceeding to the IJ if further factfinding is needed in a particular case, 8 C.F.R. § 1003.1(d)(3)(iv), but must deny remand if the evidence submitted on appeal could have been discovered or presented at the former hearing." *Hernandez-Chavez v. Ashcroft*, 101 F. App'x 759, 760 (9th Cir. 2004); *see also Arispe v. Mukasey*, 292 F. App'x 572, 574 (9th Cir. 2008) ("The BIA also did not err when it declined to consider new evidence presented by petitioners on appeal. Under regulations effective September 25, 2002, the BIA is not permitted to 'engage in factfinding in the course of deciding appeals,' and

11

Faced with an ambiguous regulation, courts ordinarily turn to the promulgating agency's interpretation of the regulation for guidance. "[W]e defer to an agency's interpretation of its regulations, even in a legal brief, unless the interpretation is 'plainly erroneous or inconsistent with the regulation[s]' or there is any other 'reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.'" *See Talk Am., Inc. v. Mich. Bell Tel. Co.*, 564 U.S. ——, 131 S. Ct. 2254, 2261 (2011) (quoting *Chase Bank USA, N.A. v. McCoy*, 562 U.S. ——, 131 S. Ct. 871, 880, 881 (2011), in turn quoting *Auer v. Robbins*, 519 U.S. 452, 461, 462 (1997)). Courts accord no deference, however, when the agency's interpretation "largely replicates the ambiguity present in the regulatory text[] and . . . offers us nothing to which we can defer with respect to the precise interpretative question before us." *Chase Bank USA*, 562 U.S. at ——, 131 S. Ct. at 882.

Here, DHS brings to our attention three agency interpretations of 8 C.F.R. § 1003.1(d)(3)(iv): DHS's brief to this court; the BIA's one-member 2008 decision in this case, in which it remanded for further factfinding; and *In re S-H-*, 23 I. & N. Dec. 462 (BIA 2002), the three-member panel BIA decision cited by DHS in its brief to this court and by the BIA's 2008 decision. None of these interpretations warrants deference on the specific question now before this court: whether the BIA may

petitioners did not file a motion to remand." (quoting 8 C.F.R. § 1003.1(d)(3)(iv)).

remand *sua sponte* for further factfinding.

I first consider *In re S-H-*, 23 I. & N. Dec. 462 (BIA 2002), as DHS's brief and the BIA's 2008 decision cite it for support. In *In re S-H-*, issued shortly before 8 C.F.R. § 1003.1(d)(3)(iv) took effect, the BIA advised that, under the new regulations, the BIA could no longer engage in factfinding, as it was permitted to do under prior law. *Id.* at 463-64. The BIA noted that, pursuant to 8 C.F.R. § 1003.1(d)(3)(iv), "[i]f incomplete findings of facts are entered and the Immigration Judge's decision ultimately cannot be affirmed on the basis that he or she decided the case, a remand of the case for further fact-finding may be unavoidable." *Id.* at 465. However, the BIA's forecast that, under 8 C.F.R. § 1003.1(d)(3)(iv), "a remand of the case for further fact-finding may be unavoidable[,]" is susceptible to two interpretations. It could mean, consistent with *Rodriguez*'s interpretation of the regulation, that the BIA may determine, absent a party's motion for remand, that the record is unclear and that a remand is unavoidable. Or, it could mean, in line with my understanding of the regulation, that, if a party files a motion for remand and asserts that the BIA cannot properly resolve an appeal without further factfinding, the BIA may determine that a remand is unavoidable. Accordingly, because *In re S-H-* "largely replicates the ambiguity present in the regulatory text[] and . . . offers us nothing to which we can defer with respect to the precise interpretative question before us," this court owes it

13

no deference. *See Chase Bank USA*, 562 U.S. at ——, 131 S. Ct. at 882.

Likewise, I accord no deference to DHS's brief and the BIA's 2008 decision. Both, with almost no explanation, cite *In re S-H-* to support the BIA's independent authority to remand for further factfinding.[7] As explained above, *In re S-H* is, in fact, unclear as to whether the BIA has the authority to remand *sua sponte* for further factfinding. Because DHS's brief and the BIA's 2008 decision presume, with no analysis, that the BIA may remand *sua sponte* for further factfinding pursuant to *In re S-H*, these conclusory remarks do not "reflect the agency's fair and considered judgment on the matter in question." *See Talk Am.*, 564 U.S. at ——, 131 S. Ct. at 2261 (citations and internal quotation marks omitted); *see also Lezama-Garcia v. Holder*, 666 F.3d 518, 532 (9th Cir. 2011) (according no deference because "[t]he nature of this one-member, non-precedential, BIA order—one that does not explain its reasoning—'does not reflect the agency's fair and considered judgment on the matter in question.'" (quoting *Auer*, 519 U.S. at 462)).

### 3.   8 C.F.R. § 1003.1(d)(3)(iv) Does Not Grant the BIA Authority to Remand *Sua Sponte*

I read the regulation's final two sentences—"A party asserting that the Board

---

[7] The BIA's mention of its authority to remand *sua sponte* in its 2008 decision is as follows: "Accordingly, as the record is insufficient for our review on appeal, we find it appropriate to remand the record for the parties to present evidence establishing the respondent's relevant immigration history. *Matter of S-H*, 23 I&N Dec. 462 (BIA 2002)."

cannot properly resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service."—to mean that the BIA may remand for further factfinding only when a party has filed a motion for remand. I would agree with *Rodriguez*, that the BIA has authority to remand *sua sponte*, if the order of the sentences were reversed, or if the last sentence expressly provided the BIA with *sua sponte* remand authority. Nonetheless, as it is presently written, I interpret the last sentence to modify the sentence that precedes it, such that the BIA may not remand for further factfinding, absent a party's motion to do so.

A comparison of 8 C.F.R. § 1003.1(d)(3)(iv) with 8 C.F.R. § 1003.2(a), the regulation regarding reopening or reconsideration before the BIA, bolsters my conclusion. 8 C.F.R. § 1003.2(a) provides that the BIA has independent authority to reopen or reconsider:

> The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board.

8 C.F.R. § 1003.2(a). Here, the structure of the regulation clarifies that the BIA's authority does not hinge on a party's motion: the sentence regarding the BIA's independent authority to reopen or reconsider precedes the sentence that explains

15

parties' motions to reopen or reconsider. More importantly, 8 C.F.R. § 1003.2(a) explicitly grants the BIA authority to reopen or reconsider *on its own motion*. In contrast, 8 C.F.R. § 1003.1(d)(3)(iv) contains no such explicit provision that the BIA, independent of a party's motion, may *sua sponte* remand for further factfinding. Thus, my understanding of 8 C.F.R. § 1003.1(d)(3)(iv)—that it does not grant the BIA independent remand authority—is consistent with other provisions regarding the BIA's powers.

My interpretation of 8 C.F.R. § 1003.1(d)(3)(iv) does not hinder the BIA's ability to resolve cases before it.[8] The BIA has full remand authority—so long as a party to the proceedings requests a remand. This is an adversary system in which we rely on the parties to make their record. I see no reason to rescue DHS from its failure to make its own case here, both before the IJ and the BIA.[9] DHS had several hearings

---

[8] I also note that DHS is free to promulgate new regulations that clarify that the BIA does have *sua sponte* remand authority.

[9] Furthermore, I find unconvincing DHS's attempts to shift blame to Errera for the unclear record. DHS is correct that Errera, as an applicant for admission in removal proceedings, "has the burden of establishing" that he "is clearly and beyond doubt entitled to be admitted and is not inadmissible under section 1182." 8 U.S.C. § 1229a(c)(2)(A). DHS, however, never alleged, in the Notice to Appear it sent to Errera or at any time in the first proceedings before the IJ, that Errera was inadmissible. Therefore, there was no allegation or charge of inadmissibility for Errera to rebut. The regulation regarding Burdens of Proof in Removal Proceedings provides further guidance on this point: "[T]he respondent must prove that he or she is clearly and beyond a doubt entitled to be admitted to the United States and is not inadmissible *as charged*." 8 C.F.R. § 1240.8(c) (emphasis added). Because DHS

16

before the IJ in which to argue that Errera was inadmissible and to present evidence of Errera's 2003 removal. On appeal, DHS could have moved for remand[10] or requested that the BIA take administrative notice of the 2003 removal order. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (permitting the BIA to "tak[e] administrative notice of . . . the contents of official documents."). DHS did not.

Significantly, when Attorney General John Ashcroft announced the current regulations governing factfinding by the BIA, he explained that the purpose behind the regulatory overhaul was to curtail the BIA's formerly expansive authority to fact-find on appeal and to prevent the BIA from "giv[ing] immigrants two bites at the apple, two opportunities to present their facts." *Ramirez-Alejandre v. Ashcroft*, 319

never charged, alleged, or even suggested, in the initial proceeding before the IJ, that Errera was inadmissible due to his 2003 removal, DHS's argument that Errera failed to meet his burden is unpersuasive.

Likewise, although Errera must be admissible in order to be eligible to adjust his status, *see* 8 U.S.C. § 1255(i)(2)(A), he "established prima facie eligibility for an adjustment of status because he is the beneficiary of an 1-130 petition that was filed on or before April 30, 2001." *See Esquivel-Garcia*, 593 F.3d at 1030. Errera's prima facie showing of eligibility for adjustment "caused the burden of production to be shifted to the government" to demonstrate that Errera was, in fact, ineligible due to inadmissibility. *See id.* DHS, in the initial proceedings before the IJ, never argued that Errera was ineligible. Thus, it was DHS, not Errera, that failed to meet its burden.

[10] Even if DHS had filed a motion for remand, it should have been denied: "The Board may remand a proceeding to the IJ if further factfinding is needed in a particular case, 8 C.F.R. § 1003.1(d)(3)(iv), but must deny remand if the evidence submitted on appeal could have been discovered or presented at the former hearing." *Hernandez-Chavez*, 101 F. App'x at 760.

F.3d 365, 377 (9th Cir. 2003) (quoting Attorney General John Ashcroft, Speech Announcing Administrative Change to Board of Immigration Appeals (Feb. 6, 2002)). The regulations, by their plain language, apply with the same force to DHS as to petitioners. Neither we, nor the BIA, may indulge DHS "two bites at the apple" under the regulations, particularly when petitioners are not afforded the same luxury.

4.    **The BIA Exceeded its Authority under 8 C.F.R. § 1003.1(d)(3)(iv)**

The BIA exceeded its regulatory authority under 8 C.F.R. § 1003.1(d)(3)(iv) and erred when it remanded Errera's case for further factfinding, as neither party filed a motion for remand. To return the parties to their position before the error occurred, this court could remand Errera's case to the BIA so that it could consider, on the merits, DHS's appeal from the IJ's 2006 order adjusting Errera's status. I find that step unnecessary, however, as it is apparent, on the record before us, that DHS's argument to the BIA fails on the merits. *See Edu v. Holder*, 624 F.3d 1137, 1147 (9th Cir. 2010) (granting relief on the record before it, rather than remanding to BIA for further consideration, "because the facts and law were already fully developed"). DHS framed the issue presented to the BIA on appeal as, "Did the immigration court err in denying the Department of Homeland Security's motion to reconsider the court's order granting the Respondent adjustment of status under section 245 of the Immigration and Nationality Act?" The IJ did not err, as DHS premised its motion

18

to reconsider on evidence of Errera's 2003 removal that it failed to produce to the IJ, despite having ten months before the evidentiary merits hearing to locate such evidence. As explained above, previously available evidence that a party failed to introduce does not constitute sufficient cause for an IJ to revisit a prior decision. *See* 8 C.F.R. §§ 1003.23(b)(2)-(3). Because DHS's argument on appeal fails, this court need not remand for the BIA to consider it.[11]

## C.     Whether Errera is Inadmissible

Lastly, I consider DHS's argument that, regardless of DHS's initial position, Errera is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) due to his reentry after his 2003 removal. DHS is correct that, under current circuit law, *if* the evidence established Errera reentered after being ordered removed in 2003, he would be inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and ineligible for a waiver. *See*

_____

[11] The BIA did not reach DHS's second argument on appeal that, even if Errera was eligible for adjustment of status, the IJ abused his discretion in granting Errera adjustment and a waiver of his criminal record, given Errera's history of alcohol-related convictions. The BIA determined, "Inasmuch as the record is being remanded for further proceedings, we need not decide whether the Immigration Judge abused his discretion in granting a waiver under section 212(h)."

DHS, however, did not renew this argument on remand to the IJ (but, instead, moved to dismiss the proceedings and argued, in the alternative, that Errera was ineligible to adjust his status). Also, DHS made no argument to this court as to whether, even if Errera is eligible to adjust his status, this court should remand for the BIA to consider whether the IJ abused his discretion in adjusting Errera's status. Because DHS has not mentioned this argument to us and appears to have abandoned it, I would consider it waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

19

*Duran Gonzales*, 508 F.3d at 1242; *see also Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1092 (9th Cir. 2010) (determining that *Duran Gonzales* applies retroactively to cases pending on direct review). Importantly, it was the BIA's erroneous remand that permitted DHS an undeserved second chance to introduce evidence of Errera's 2003 removal into the record. The evidence properly admitted into the record—that is, the evidence before the IJ initially—did not demonstrate that Errera was ordered removed in 2003. Thus, DHS's argument fails, as the record does not establish Errera's inadmissibility as an individual who reentered the United States after an order of removal.

### III. Conclusion

In sum, if we were not laboring under *Rodriguez*'s recent holding, I would find that the BIA exceeded its regulatory authority and erred when it remanded Errera's case for further factfinding and, thereby, afforded DHS "two bites at the apple" to present evidence of Errera's 2003 removal that it failed to present initially. The evidence properly in the record does not render Errera inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II). Therefore, I would reverse and remand this case with instructions to reinstate the IJ's 2006 order adjusting Errera's status.

One final note: I compliment counsel for both sides on their exceptional performance in oral arguments. Particular praise is due, however, to the law students

20

who represented the petitioner Eriberto Errera. They navigated highly complex issues with passion and creativity, and they presented the best possible case they could for their client, both in their extensive briefing and at oral argument.